UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA KAYE DEADWILEY<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-cv-0007-KJN<br><br><br><br>ORDER |

Plaintiff Brenda Kaye Deadwiley seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from August 21, 2009, plaintiff's alleged disability onset date, through September 30, 2011, plaintiff's date last insured. (ECF No. 13.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 14.) Thereafter, plaintiff filed a reply brief. (ECF No. 15.)

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 8.)

After carefully considering the record and the parties' briefing, the court GRANTS IN PART plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS the action for further administrative proceedings consistent with this order.

I. BACKGROUND

Plaintiff was born on December 31, 1959; attended 12 years of education and obtained a high school diploma; can communicate in English; and previously worked as a baker. (Administrative Transcript ("AT") 40-41.)[2] On May 10, 2012, plaintiff applied for DIB, alleging that her disability began on August 21, 2009. Plaintiff claimed that she was disabled due to a right knee injury, neck injury, weakness in the arms and hands, and discs 3-8 in her neck needing repair. (AT 33, 35, 191.) After plaintiff's application was denied initially and on reconsideration, an administrative law judge ("ALJ") conducted a hearing on March 19, 2014. (AT 46-82.) The ALJ subsequently issued a decision dated June 16, 2014, determining that plaintiff had not been under a disability, as defined in the Act, from August 21, 2009, plaintiff's alleged disability onset date, through September 30, 2011, plaintiff's date last insured. (AT 30-42.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on November 10, 2015. (AT 1-3.) Plaintiff subsequently filed this action on January 4, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ failed to properly assess the medical opinion evidence; (2) whether the ALJ improperly discounted plaintiff's subjective complaints; and (3) whether the ALJ failed to fully develop the record when questioning the vocational expert ("VE") regarding plaintiff's residual functional capacity ("RFC") for alternative employment.[3]

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Plaintiff also raises an additional issue as to whether the ALJ improperly assessed plaintiff's

2

III.  LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.  DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[4]  As an initial matter, the ALJ determined that plaintiff met the

---

RFC; that issue is essentially duplicative, because the ALJ's RFC assessment is based on his evaluation of the medical opinions and plaintiff's complaints.

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the

3

insured status requirements of the Act for purposes of DIB through September 30, 2011. (AT 35.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity from August 21, 2009, her alleged disability onset date, through September 30, 2011, plaintiff's date last insured. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments: cervical degenerative disk disease and herniation, status post discectomy and fusion, lumbar and thoracic degenerative disk disease, bilateral carpal tunnel syndrome, status post release, and bilateral patellar chondromalacia. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 37.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC, finding that plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) along with the following additional limitations:

> [S]he can occasionally climb ramps and stairs but can never climb ladders, ropes and scaffolds; she can occasionally stoop and crouch; she can frequently balance; she can never kneel or crawl; she can occasionally reach overhead with the bilateral upper extremities and frequently handle and finger with the bilateral upper extremities; she must use the dominant right upper extremity to carry a cane for support and ambulation; and she must be allowed to change from a sitting or standing position every 30 minutes.

(AT 37.) At step four, the ALJ determined that plaintiff was unable to perform any past relevant

---

claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

work.  (AT 40.)  However, at step five the ALJ found that, in light of plaintiff's age, education, work experience, RFC, and the vocational expert's testimony, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed.  (AT 41.)

Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from August 21, 2009, plaintiff's alleged disability onset date, through September 30, 2011, plaintiff's date last insured.  (AT 42.)

<u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

*Whether the ALJ failed to properly assess the medical opinion evidence*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1201-02 (9th Cir. 2001); <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995).  Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion.  <u>Holohan</u>, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  <u>Lester</u>, 81 F.3d at 830-31.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons.  <u>Id.</u> at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict.  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).  The regulations require the ALJ to weigh the contradicted treating physician opinion, <u>Edlund</u>, 253 F.3d at 1157,[5] except that the ALJ in any

---

[5] The factors include:  (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization.  20 C.F.R. § 404.1527.

event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.

As an initial matter, the ALJ properly discounted a portion of the opinion of Dr. Steven L. McIntire, who examined plaintiff on August 23, 2013, that plaintiff is TTD (temporarily totally disabled). (AT 362.) Dr. McIntire examined plaintiff in the context of a worker's compensation case where disability criteria are defined differently than under the Social Security Act. (AT 39.) See 20 C.F.R. § 404.1504 (stating that "a determination made by another agency…is not binding on [the Social Security Administration]." Indeed, the parties do not dispute that plaintiff cannot return to her prior job as a baker. As such, the ALJ reasonably found that Dr. McIntire's statement that plaintiff was temporarily totally disabled for purposes of worker's compensation was not in itself sufficient to find disability for purposes of DIB.

Plaintiff also asserts that the ALJ erred by failing to give weight to the September 30, 2009 opinion of plaintiff's treating physician, Dr. Roderick Sanden, that plaintiff avoid activities of reaching/lifting/using arms above the shoulders. (AT 350.) The ALJ gave that opinion little weight, because it "does not indicate specific exertional or postural limitations," lacked an "intended duration," and "appear[ed] only once" in the record. (AT 40.) However, there is no medical evidence in the record that contradicts Dr. Sanden's assessed overhead reaching limitation, and the limitation does not appear to be without any foundation, especially given plaintiff's cervical degenerative disk disease and herniation. Thus, the ALJ was required to provide clear and convincing reasons to discount the limitation. For the reasons discussed below, the court is not persuaded that such reasons were provided.

Contrary to the ALJ's finding, Dr. Sanden's recommendation is an exertional and postural limitation: plaintiff was not to reach overhead at all with any amount of weight. Furthermore, while Dr. Sanden's assessment did not specify exactly how long the limitation would last, and appeared only once in the record, the ALJ does not point to substantial evidence suggesting that the limitation had ceased or other substantial evidence contradicting such a limitation. To the contrary, the non-examining state agency physician, Dr. Jaituni, who reviewed plaintiff's records

on April 24, 2013, likewise opined that plaintiff had a limitation of "No OHR B UE," i.e., no overhead reaching with the bilateral upper extremities. (AT 96.) Although the ALJ generally credited Dr. Jaituni's opinion that plaintiff could do a limited range of light work, the ALJ never explained why Dr. Jaituni's no overhead reaching limitation was not adopted. (AT 40.)

Therefore, the ALJ erred in not providing clear and convincing reasons for declining to adopt the no overhead reaching limitation assessed by treating physician Dr. Sanden and state agency physician Dr. Jaituni. Moreover, based on the present record, the court cannot find that the ALJ's error was harmless. At the administrative hearing, the ALJ questioned the VE regarding a limitation to occasional overhead reaching, but not regarding a limitation to no overhead reaching. (AT 76-82.) As such, the court is unable to determine to what extent a no overhead reaching limitation would have eroded the number of jobs that plaintiff could have performed during the relevant period.

Consequently, the court finds it appropriate to remand the action for further administrative proceedings; more specifically, for further consideration of the opinions of Dr. Sanden and Dr. Jaituni that plaintiff was limited to no overhead reaching. Importantly, the court does not instruct the ALJ to credit that particular limitation or any specific opinion in the record. The ALJ may choose to further develop the record by obtaining a consultative evaluation, medical expert testimony, and/or supplemental vocational expert testimony. Indeed, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand, provided that the ALJ's decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

*Other Issues*

In light of the court's conclusion that the case should be remanded for further consideration of the medical opinion evidence, the court declines to reach plaintiff's remaining issues concerning plaintiff's credibility and the vocational expert testimony. On remand, the ALJ will have an opportunity to reconsider those matters, if appropriate.

////

////

V. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is GRANTED IN PART.
2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is DENIED.
3. The final decision of the Commissioner is REVERSED, and the case is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: July 28, 2017

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE